THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs MARSHALL LOSKOT
and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION SERVICES:HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL LOSKOT,  an individual; and DISABILITY RIGHTS ENFORCE-MENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>POLK STREET ECONO LODGE; TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge,<br><br>          Defendants. | **CASE NO.  C-02-4537 CW**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br>**5th CAUSE OF ACTION:** For  Unfair Business Practices in Violation of California Business and Professions Code §17200, *et seq.*<br><br>**DEMAND FOR JURY** |

Plaintiffs MARSHALL LOSKOT, an individual; and DISABILITY RIGHTS

ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California

public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

1  defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge and

2  allege as follows:

3  **INTRODUCTION:**

4      1.      This is a civil rights action for discrimination against persons with physical

5  disabilities, of which class plaintiffs MARSHALL LOSKOT and the membership of DREES are

6  members, for failure to remove architectural barriers structural in nature at defendants' POLK

7  STREET ECONO LODGE, a place of public accommodation, thereby discriminatorily denying

8  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

9  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

10  services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

11  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

12  §§51, 51.5 and 54, *et seq.*; California Health & Safety Code §19955, *et seq.* and California

13  Business and Professions Code §17200, *et seq.*

14      2.      Plaintiff MARSHALL LOSKOT  is a person with physical disabilities who, on or

15  about March 12, 2002, was an invitee, guest, patron, customer at defendants' POLK STREET

16  ECONO LODGE, in the City of San Francisco, California.  At said time and place, defendants

17  failed to provide proper legal access to the POLK STREET ECONO LODGE, "which is a public

18  accommodation" and/or a "public facility" including, but not limited to the parking, lobby and

19  guest rooms.  The denial of access was in violation of both federal and California legal

20  requirements, and plaintiff MARSHALL LOSKOT suffered violation of his civil rights to full

21  and equal access, and was embarrassed and humiliated.

22  **JURISDICTION AND VENUE:**

23      3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

24  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

25  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

26  nucleus of operative facts and arising out of the same transactions, are also brought under

27  parallel California law, whose goals are closely tied with the ADA, including but not limited to

28  violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code

1  §19955 *et seq.*, including §19959; Title 24, California Building Standards Code; and California

2  Business and Professions Code §17200, *et seq.*

3        4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

4  founded on the facts that the real property which is the subject of this action is located in this

5  district at/near 825 Polk Street, in the City and County of San Francisco, State of California and

6  that plaintiffs' causes of action arose in this district.

7  **PARTIES:**

8        5.     Plaintiff MARSHALL LOSKOT is a "physically handicapped person," a

9  "physically disabled person," and a "person with physical disabilities."  (Hereinafter the terms

10 "physically disabled," "physically handicapped" and "person with physical disabilities" are used

11 interchangeably, as these words have similar or identical common usage and legal meaning, but

12 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

13 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

14 statutory measures refer to protection of the rights of "physically disabled persons."  Plaintiff

15 MARSHALL LOSKOT is a "person with physical disabilities," as defined by all applicable

16 California and United States laws.  Plaintiff MARSHALL LOSKOT is a paraplegic.  Plaintiff

17 MARSHALL LOSKOT requires the use of a wheelchair to travel about in public.  Consequently,

18 plaintiff MARSHALL LOSKOT is a member of that portion of the public whose rights are

19 protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

20 Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

21 Rights Act, Civil Code §§51, 51.5 and 54, *et seq.* and California Business and Professions Code

22 §17200, *et seq.*

23       6.     Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:

24 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

25 with persons with disabilities to empower them to be independent in American society.  DREES

26 accomplishes its goals and purposes through education on disability issues, enforcement of the

27 rights of persons with disabilities, and the provision of services to persons with disabilities, the

28 general public, public agencies and the private business sector.

7.      Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by the POLK STREET ECONO LODGE, a public accommodation, located at/near 825 Polk Street, San Francisco, California, and subject to the requirements of California state law requiring full and equal access to public facilities pursuant to §§19955ff Health & Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 Civil Code, and subject to Title III of the Americans with Disabilities Act of 1990, and to all other legal requirements referred to in this complaint.

8.      At all times relevant to this complaint, defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, are the lessees, or agents of the lessees, and/or lessors, of said premises, and/or alter egos of the lessees, lessors and their agents, and own and operate in joint enterprise the subject POLK STREET ECONO LODGE as a public facility at/near 825 Polk Street, San Francisco, California.  This business is open to the general public and conducts business therein.  The business operating on said premises is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §54, *et seq.*  Plaintiffs do not know the relative responsibilities of each of the defendants in the operation of the facilities herein complained of, and allege a joint venture and common enterprise by all such defendants.

9.      At all times relevant to this complaint, defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge are the landlord(s)/lessor(s), tenant(s)/lessee(s) and the owners and operators of  the subject POLK STREET ECONO LODGE, a public facility located at/near 825 Polk Street, San Francisco, California.  As such, these defendants are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public

accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
requirements of this part.  As between the parties, allocation of
responsibility for complying with the obligations of this part may
be determined by lease or other contract.

CFR §36.201(b)

10.    Plaintiffs do not know the true names of defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.  Plaintiffs are informed and believe that each of the defendants herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge are ascertained.

11.    Plaintiffs are informed and believe that all named defendants conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

12.    Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge  are the private persons and/or entities that are public accommodations that own, lease (or lease to), or operate the POLK STREET ECONO LODGE, a hotel/motel, located at/near 825

1    Polk Street, San Francisco, California.  The POLK STREET ECONO LODGE, its parking,

2    lobby, guest rooms and its other facilities are each a "place of public accommodation or facility"

3    subject to the requirements of the Americans with Disabilities Act and California Health &

4    Safety Code §19955, *et seq.* On information and belief, each such facility has, since July 1, 1970,

5    undergone "alterations, structural repairs and additions," each of which has subjected the POLK

6    STREET ECONO LODGE and each of its facilities, its parking, lobby and guest rooms to

7    handicapped access requirements per the Americans with Disabilities Act Accessibility

8    Guidelines for Buildings & Facilities (ADAAG), Civil Code §54.1, and §19959, Health & Safety

9    Code.

10          13.    Plaintiff MARSHALL LOSKOT is a person with a disability.  Plaintiff

11   MARSHALL LOSKOT is a "person with physical disabilities," as defined by all applicable

12   California and United States laws.  Plaintiff MARSHALL LOSKOT is a paraplegic.  Plaintiff

13   MARSHALL LOSKOT requires the use of a wheelchair for mobility and to travel in public.

14          14.    Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:

15   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization, the

16   purposes of which are promoting, providing and advocating disability rights, education,

17   independent living, enforcement and services which help provide assistance to persons with

18   disabilities and persons and entities who in turn will help others who have disabilities.

19          15.    That members of DREES, like plaintiff MARSHALL LOSKOT, will or have

20   been guests and invitees at the subject POLK STREET ECONO LODGE, and that the interests

21   of plaintiff DREES in removing architectural barriers at the subject motel advance the purposes

22   of DREES to assure that all public accommodations, including the subject motel, are accessible

23   to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as

24   alleged herein is purely statutory in nature.

25          16.    At all times stated herein, plaintiff MARSHALL LOSKOT was a member of

26   DREES.

27   ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                                  6

17.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the POLK STREET ECONO LODGE as being handicapped accessible and handicapped usable.

18.     On or about March 12, 2002, plaintiff MARSHALL LOSKOT was an invitee and guest at the subject POLK STREET ECONO LODGE, with his attendant Chelsea Brown, for purposes of purchasing a handicapped accessible room for an overnight stay.

19.     On or about March 12, 2002, plaintiff MARSHALL LOSKOT was in San Francisco to promote his garlic and spice products.  Plaintiff MARSHALL LOSKOT had a discount coupon for the subject POLK STREET ECONO LODGE.

20.     On or about March 12, 2002, plaintiff MARSHALL LOSKOT, upon pulling into the parking lot of the POLK STREET ECONO LODGE, discovered that there was inadequate handicapped parking and was compelled to park diagonally across two parking stalls in order to lower his lift and not have his lift blocked.

21.     At said time and place, plaintiff MARSHALL LOSKOT entered the lobby and discovered that the registration counter was too high.  Plaintiff MARSHALL LOSKOT asked for an accessible room.  He was told that the POLK STREET ECONO LODGE did not have one.  It was late, 5:30 p.m.  Plaintiff MARSHALL LOSKOT was tired and felt that he might not find another room.  Therefore, plaintiff MARSHALL LOSKOT asked for, and was sold, the largest room available at the subject motel.

22.     At said time and place, plaintiff MARSHALL LOSKOT went to his room but could not gain access due to a 4-inch high threshold.  Plaintiff MARSHALL LOSKOT, even with the help of Chelsea Brown, stressed and strained himself, injuring his shoulder, in gaining entry.

23.     At said time and place, plaintiff MARSHALL LOSKOT needed to use the bathroom, but was unable to do so as the door was too narrow.

24.     At said time and place, plaintiff MARSHALL LOSKOT needed to use the toilet and was compelled to use the restroom at Chiopino's Restaurant.

.       25.     On or about March 13, 2002, the next day, plaintiff MARSHALL LOSKOT had to catheterize in the waste paper basket and direct his attendant to pour it into the toilet, a humiliating experience.

26.     Therefore, at said time and place, plaintiff MARSHALL LOSKOT, a person with a disability, encountered the following inaccessible elements of the subject POLK STREET ECONO LODGE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.      lack of handicapped accessible parking signage;

        b.      lack of the requisite number of accessible guest rooms by class of rooms;

        c.      lack of the requisite number of regular disabled parking stall(s);

        d.      lack of disabled van accessible parking stall(s);

        e.      lack of an accessible entrance to the guest rooms;

        f.      lack of handicapped accessible registration counter;

        g.      lack of handicapped accessible guest room and bathroom within;

        h.      lack of a reservation policy, practice and procedure to "hold" disabled guest rooms for persons with disabilities before selling said rooms to the general public;

        i.      On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

27.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

28.     As a legal result of defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

///

29.     As a legal result of defendants' actions or omissions as stated herein and defendants' denial of access to plaintiff to all or part of the facilities constituting the public accommodations which comprise the POLK STREET ECONO LODGE, plaintiff was wrongfully evicted and/or rejected by defendants, and each of them.

30.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff MARSHALL LOSKOT suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to gain entry to the guest room and from the forced digital evacuation and catheterization), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

31.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff MARSHALL LOSKOT's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff MARSHALL LOSKOT fatigue, stress, strain and pain in futiley attempting to overcome the architectural barriers as stated herein.

32.     Plaintiff MARSHALL LOSKOT is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge because said defendants maintained a public hotel without access for persons with physical disabilities to its facilities, including but not limited to the parking, registration counter, guest rooms and other public areas as stated herein/, and continue to the date of filing this

1 complaint to deny equal access to plaintiffs and other persons with physical disabilities in these

2 and other ways.

3       33.    Plaintiff DREES, whose members and the disability community that DREES

4 serves are "physically handicapped," "physically disabled," or "persons with physical

5 disabilities" and were, are and will be denied their rights to equal access to a public facility by

6 defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge because

7 said defendants maintained a public hotel without access for persons with physical disabilities to

8 its facilities, including but not limited to the parking registration counter, guest rooms and other

9 public areas as stated herein/, and continue to the date of filing this complaint to deny equal

10 access to plaintiff and other persons with physical disabilities in these and other ways.

11       34.    On information and belief, construction alterations carried out by defendants have

12 also triggered access requirements under both California law and the Americans with Disabilities

13 Act of 1990.

14       35.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the POLK

15 STREET ECONO LODGE to be made accessible to meet the requirements of both California

16 law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as

17 defendants operate the subject motel as a public facility.  Plaintiffs seek damages for violation of

18 their civil rights, from March 12, 2002 until such date as defendants bring the POLK STREET

19 ECONO LODGE into compliance with the requirements of California and federal law.  To

20 encourage defendants to bring the subject motel into compliance with the law, plaintiffs also

21 seek daily damages of not less than $1,000/day, pursuant to §§52(a) and 54.3, California Civil

22 Code, for each day after his visit until such time as the motel is made fully accessible to

23 plaintiffs and to other persons with physical disabilities.

24       36.    On information and belief, defendants have been negligent in their affirmative

25 duty to identify the architectural barriers complained of herein and negligent in the removal of

26 some or all of said barriers.

27 ///

28 ///

37.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the POLK STREET ECONO LODGE accessible to persons with disabilities.

38.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify exemplary damages pursuant to §3294 of the Civil Code, in amounts sufficient to make a more profound example of defendants, and each of them,  to other operators of other hotels, motels and other public facilities, and to punish defendants and to carry out the purposes of §3294 of the Civil Code.

39.     Plaintiffs are informed and believe and therefore allege that defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, and each of them, caused the subject building(s) which constitute the POLK STREET ECONO LODGE to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the subject motel and were denied full and equal use of said public facilities.  Further, on information and belief, defendants have continued to maintain and operate said motel and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the POLK STREET ECONO LODGE and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff MARSHALL LOSKOT,

1  the membership of plaintiff DREES and the disability community which DREES serves.  Such

2  construction, modification, ownership, operation, maintenance and practices of such public

3  facilities are in violation of law as stated in Part 5.5, Health & Safety Code §19955-19959, *et*

4  *seq.* and elsewhere in the laws of California.

5       40.     On information and belief, the subject public facilities and building(s) of the

6  POLK STREET ECONO LODGE denied full and equal access to plaintiffs and other persons

7  with physical disabilities in other respects due to noncompliance with requirements of Title 24 of

8  California Building Standards Code and Health & Safety Code §19955, *et seq.*

9       41.     On personal knowledge, information and belief, the basis of defendants' actual

10  and constructive notice that the physical configuration of the facilities including, but not limited

11  to, architectural barriers constituting the POLK STREET ECONO LODGE and/or building(s)

12  was in violation of the civil rights of persons with physical disabilities, such as plaintiffs,

13  includes, but is not limited to, communications with invitees and guests, owners of other

14  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies

15  upon modification, improvement, or substantial repair of the subject premises and other

16  properties owned by these defendants, newspaper articles and trade publications regarding the

17  Americans with Disabilities Act of 1990 and other access laws, public service announcements by

18  former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

19  Defendants' failure, under state and federal law, to make the POLK STREET ECONO LODGE

20  accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

21  other similarly situated persons with disabilities.  The scope and means of the knowledge of each

22  defendant is within each defendant's exclusive control and cannot be ascertained except through

23  discovery.  Despite being informed of such effect on plaintiff and other persons with physical

24  disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and

25  willfully refused to take any steps to rectify the situation and to provide full and equal access for

26  plaintiffs and other persons with physical disabilities to the POLK STREET ECONO LODGE.

27  Said defendants, and each of them, have continued such practices, in conscious disregard for the

28  rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this

complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of punitive and exemplary damages per Civil Code §3294.

42.     Punitive Damages -- Defendants, and each of them, at times prior to and including March 13, 2002, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility.  Despite such knowledge, defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by plaintiffs and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 41 of this complaint.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and have refused to comply with their legal obligations to make the POLK STREET ECONO LODGE accessible pursuant to the Americans with Disabilities Act of 1990, Americans with Disabilities Act Accessibility Guidelines (ADAAG) and Title 24.  Such actions and continuing course of conduct by defendants, and each of them, evidence despicable conduct in conscious disregard for the rights or safety of plaintiffs and of other similarly situated persons, justifying an award of exemplary and punitive damages pursuant to §3294, Civil Code.

43.     Defendants', and each of their, actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as plaintiffs and other persons with physical disabilities who have been denied the proper access they are entitled to by law.  Further, defendants', and each of their, refusals on a day-to-day basis to remove the barriers complained

1  of herein evidence despicable conduct in conscious disregard for the rights of plaintiffs and other

2  members of the public with physical disabilities.

3      44.   Plaintiffs pray for an award of punitive damages against defendants, and each of

4  them, pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of

5  defendants and discourage owners and operators of other hotels, motels, restaurants and other

6  public facilities, from willful disregard of the rights of persons with physical disabilities.

7  Plaintiffs do not know the financial worth of defendants, or the amount of punitive damages

8  sufficient to accomplish the public purposes of §3294 of the Civil Code and seek leave to amend

9  this complaint when such facts are known.

10      45.   Plaintiff MARSHALL LOSKOT and plaintiff DREES, on behalf of its

11  membership and the disability community which it serves, consisting of persons with disabilities,

12  would, could and will return to the subject public accommodation when it is made accessible to

13  persons with disabilities.

14  **I.**   **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
      **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
15       **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
      (On behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS
16       ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a
      California public benefit corporation and Against Defendants TARUNKUMAR K.
17       PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive)
      (42 U.S.C. §12101, *et seq.*)

18

19      46.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

20  the allegations contained in paragraphs 1 through 45 of this complaint.

21      47.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

22  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

23  protect:

24         some 43 million Americans with one or more physical or mental
       disabilities; [that] historically society has tended to isolate and
25        segregate individuals with disabilities; [that] such forms of
       discrimination against individuals with disabilities continue to be a
26        serious and pervasive social problem; [that] the nation's proper
       goals regarding individuals with disabilities are to assure equality
27        of opportunity, full participation, independent living and economic
       self-sufficiency for such individuals; [and that] the continuing
28        existence of unfair and unnecessary discrimination and prejudice
       denies people with disabilities the opportunity to compete on an

equal basis and to pursue those opportunities for which our free society is justifiably famous.

48.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

49.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

42 U.S.C. §12181(7)(A)

50.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

51.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or

accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

52.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the POLK STREET ECONO LODGE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

53.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Further, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

54.     On information and belief, construction work on, and modifications of, the subject building(s) of the POLK STREET ECONO LODGE occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

55.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs cannot return to or make use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

56.     Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this last section, plaintiff MARSHALL LOSKOT has not returned to defendants' premises since on or about March 12, 2002, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

1   facilities readily accessible to and usable by individuals with disabilities to the extent required by

2   this title."

3        57.   Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

4   Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

5   the Americans with Disabilities Act of 1990, including but not limited to an order granting

6   injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

7   deemed to be the prevailing party.

8        58.   Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a),

9   54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is a

10   violation of California's Unruh Civil Rights Act.

11        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

12   **II.**   **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
13   (On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a
14   California public benefit corporation, and Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive)
15   (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16        59.   Plaintiffs replead and incorporate by reference as if fully set forth again herein,

17   the allegations contained in paragraphs 1 through 58 of this complaint.

18        60.   At all times relevant to this action, California Civil Code §54 has provided that

19   persons with physical disabilities are not to be discriminated against because of physical

20   handicap or disability. This section provides that:

21        (a) Individuals with disabilities . . . have the same rights as
22   the general public to full and free use of the streets, highways,
sidewalks, walkways, public buildings, medical facilities,
23   including hospitals, clinics, and physicians' offices, and other
public places.

24        61.   California Civil Code §54.1 provides that persons with disabilities shall not be

25   denied full and equal access to places of public accommodation or facilities:

26        (a)(1) Individuals with disabilities shall be entitled to full
and equal access, as other members of the general public, to
27   accommodations, advantages, facilities, medical facilities,
including hospitals, clinics, and physicians' offices, and privileges
28   of all common carriers, airplanes, motor vehicles, railroad trains,
motorbuses, streetcars, boats, or any other public conveyances or

modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

62.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

63.     Plaintiff MARSHALL LOSKOT and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1.  A separate act in violation of §§54 and 54.1 has been committed EACH DAY that defendants act or fail to act and/or knowingly and willfully fail and refuse to remove **each** architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of the POLK STREET ECONO LODGE.  Plaintiffs have been denied full and equal access on an ongoing basis since the date of plaintiff MARSHALL LOSKOT's first visit.  As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a), which provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

1    Civil Code §54.3(a)

2    64.    The public facilities above described constitute "public facilities and public

3    accommodations" within the meaning of Health & Safety Code §19955f and were facilities to

4    which members of the public are invited.  The aforementioned acts and omissions of defendants,

5    and each of them, constitute a denial of equal access to use and enjoyment of these facilities by

6    persons with disabilities including plaintiffs.  Said acts and omissions are also in violation of

7    provisions of Title 24 of the California Building Standards Code.

8    65.    On or about March 12, 2002, plaintiff MARSHALL LOSKOT suffered violations

9    of §§54 and 54.1 of the Civil Code in that plaintiff MARSHALL LOSKOT was denied access to

10   parking, registration, guest rooms and other public facilities as stated herein at the POLK

11   STREET ECONO LODGE and on the basis that plaintiff MARSHALL LOSKOT was a person

12   with physical disabilities.

13   66.    As a result of the denial of equal access to defendants' facilities due to the acts

14   and omissions of defendants, and each of them, in owning, operating and maintaining these

15   subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

16   limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff MARSHALL LOSKOT

17   suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain

18   and pain in wheeling and attempting to gain entry to the guest room and from the forced digital

19   evacuation and catheterization), emotional distress, mental distress, mental suffering, mental

20   anguish, which includes shame, humiliation, embarrassment, frustration, anger, chagrin,

21   disappointment and worry, all of which are expectedly and naturally associated with a denial of

22   access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

23   Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

24   basis that plaintiffs are persons or an entity that represents persons with physical disabilities and

25   unable, because of the architectural barriers created and maintained by the defendants in

26   violation of the subject laws, to use the public facilities hereinabove described on a full and

27   equal basis as other persons.

28

67. Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about March 12, 2002, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

68. As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive)
(Health & Safety Code §19955, *et seq.*)

69. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 68 of this complaint.

70. Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters,

restaurants, hotels, motels, stadiums, and convention centers.
When sanitary facilities are made available for the public, clients
or employees in such accommodations or facilities, they shall be
made available for the handicapped.

71.     Health & Safety Code §19956, which appears in the same chapter as §19955,
provides in pertinent part, "accommodations constructed in this state shall conform to the
provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the
Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is
applicable to all public accommodations constructed or altered after that date.   On information
and belief, portions of the POLK STREET ECONO LODGE and/or of the building(s) were
constructed and/or altered after July 1, 1970, and substantial portions of the subject motel and/or
the building(s) had alterations, structural repairs, and/or additions made to such public
accommodations after July 1, 1970, thereby requiring said motel and/or building to be subject to
the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration,
structural repairs or additions per Health & Safety Code §19959.

72.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,
1982, Title 24 of the California Building Standards Code adopted the California State Architect's
Regulations and these regulations must be complied with as to any alterations and/or
modifications of the POLK STREET ECONO LODGE and/or the building(s) occurring after that
date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access
requirements pursuant to the "ASA" requirements, the American Standards Association
Specifications, A117.1-1961.  On information and belief, at the time of the construction and
modification of said building, all buildings and facilities covered were required to conform to
each of the standards and specifications described in the American Standards Association
Specifications and/or those contained in Title 24 of the California Building Standards Code.

73.     Public hotels such as the POLK STREET ECONO LODGE are "public
accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

74.     As a legal result of denial of access to plaintiffs as hereinabove described,
plaintiff MARSHALL LOSKOT suffered bodily and emotional injuries expectedly, normally

1  and naturally associated with a denial of access to parking, registration counter guest rooms and

2  other public areas as stated herein.

3      75.    As a result of the actions and failure to act of defendants, and as a result of the

4  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

5  denied plaintiffs' rights to full and equal access to public facilities, suffered a loss of plaintiffs'

6  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

7  public facilities, and plaintiff MARSHALL LOSKOT further suffered bodily injury (including,

8  but not limited to, fatigue, stress, strain and pain in wheeling and attempting to gain entry to the

9  guest room and from the forced digital evacuation and catheterization), emotional distress,

10  mental distress, mental suffering, mental anguish, which includes shame, humiliation,

11  embarrassment, anger, chagrin, disappointment and worry expectedly and naturally associated

12  with a person with physical disabilities being denied access, all to plaintiffs' damages as prayed

13  hereinafter in an amount within the jurisdiction of this court.

14      76.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

15  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

16  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

17  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

18  and to take such action both in plaintiffs' own interests and in order to enforce an important right

19  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

20  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

21  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

22  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

23  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

24  3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

25  party.

26      77.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

27  them, to make the subject place of public accommodation readily accessible to and usable by

28  persons with disabilities.

78.     Plaintiffs seek damages pursuant to California Civil Code §§52(a) and 54.3.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive)
(Civil Code §51, 51.5)

79.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 78 of this complaint.

80.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

81.   The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

82.   Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Further, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at ¶¶46, *et seq*., as if repled herein.

83.     As a legal result of the violation of plaintiff MARSHALL LOSKOT's  civil rights as hereinabove described, plaintiff MARSHALL LOSKOT has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to gain entry to the guest room and from the forced digital evacuation and catheterization), physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs MARSHALL LOSKOT and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

Wherefore, plaintiffs pray that this court grant relief and damages as hereinafter stated.

**V.   FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive)
(Business & Professions Code §17200, *et seq.*)

84.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 83 of this complaint.

85.     Defendants, and each of them, have had actual and constructive notice of the Americans with Disabilities Act of 1990 and have seen places of public accommodation similar to the public accommodations subject to this action made accessible to persons with disabilities, *i.e.*, public accommodations with accessible parking and parking signage, accessible registration counters, accessible guestrooms and bathrooms within and the requisite number of accessible guest rooms by classification.

86.     Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, and each of them, and their agents, ostensible agents, masters, servants, employers, employees, representatives, franchisors, franchisees, joint venturers, alter egos, partners and/or associates, although having actual and constructive knowledge of the Americans with

Disabilities Act of 1990 and accessible elements of public accommodations, have engaged in an

unlawful and unfair business act or practice of the California Business and Professions Code

> 17200.  As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code

> (Calif. Bus. & Prof. Code §17200)

in that defendants, and each of them, have intentionally and/or negligently failed to identify and

remove architectural barriers at the subject POLK STREET ECONO LODGE, thereby denying

plaintiffs and those similarly situated from the opportunity to enjoy the goods and services

provided therein.

87.   Plaintiffs MARSHALL LOSKOT and DREES have the right to act as private

attorneys general to remedy such acts, as provided in sections 17204 and 17205 of the California

Business and Professions Code, to wit:

> 17204.  Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.

> .   .   .

> 17205.  Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

> (Calif. Bus. & Prof. Code §§17204 and 17205)

Wherefore, plaintiffs pray that this court grant relief and damages as follows:

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                      27

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and  Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.      For injunctive relief, compelling defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive, to make the POLK STREET ECONO LODGE, located at 825 Polk Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per Public Law 10 1-336, §308; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3,** *ET SEQ.*
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants  TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive, to make the POLK STREET ECONO LODGE, located at 825 Polk Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      General and compensatory damages according to proof;

3.      All damages as afforded by Civil Code §54.3 for each day, from the inception of the filing of this complaint, on which defendants have failed to remove barriers which denied plaintiffs and other persons with disabilities full and equal access.

1       4.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

2   Procedure §1021.5, if plaintiffs are deemed the prevailing party;

3       5.    Punitive damages pursuant to Civil Code §3294;

4       6.    For all costs of suit;

5       7.    Prejudgment interest pursuant to Civil Code §3291;

6       8.    Such other and further relief as the court may deem just and proper.

7   **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
    SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**

8   **§19955, *ET. SEQ.***
    (On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS,

9   ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a
    California public benefit corporation, and Against Defendants TARUNKUMAR K.

10  PATEL and CHAMPABEN PATEL, dba Econo Lodge,  inclusive)
    (Health & Safety code §19955, *et seq.*)

11

12      1.    For injunctive relief, compelling defendants TARUNKUMAR K. PATEL and

13  CHAMPABEN PATEL, dba Econo Lodge, inclusive, to make the POLK STREET ECONO

14  LODGE, located at 825 Polk Street, San Francisco, California, readily accessible to and usable

15  by individuals with disabilities, per state law.

16      2.    General and compensatory damages according to proof under Civil Code §§52(a)

17  and 54.3;

18      3.    Special and consequential damages according to proof under Civil Code §§52(a)

19  and 54.3;

20      4.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

21  and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

22      5.    For all costs of suit;

23      6.    For prejudgment interest pursuant to Civil Code §3291;

24      7.    Such other and further relief as the court may deem just and proper.

25  ///

26  ///

27  ///

28  ///

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.   General and compensatory damages according to proof;

2.   All damages as afforded by Civil Code §52(a) for each day on which defendants have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or services in any business establishment or have otherwise denied to plaintiffs and persons with physical disabilities equal access;

3.   Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

4.   Punitive damages pursuant to Civil Code §3294;

5.   For all costs of suit;

6.   Prejudgment interest pursuant to Civil Code §3291; and

7.   Such other and further relief as the court may deem just and proper.

**V.   PRAYER FOR FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge_, inclusive)
(Business & Professions Code §17200, *et seq.*)

1.   For injunctive relief, compelling defendants TARUNKUMAR K. PATEL and CHAMPABEN PATEL, dba Econo Lodge, inclusive, to make the POLK STREET ECONO LODGE, located at 825 Polk Street, California, readily accessible to and usable by individuals with disabilities, per state law.

///

///

///

1    2.      Attorneys' fees pursuant to applicable code if plaintiffs are deemed the prevailing

2  party.

3  Dated: September 15, 2002          THOMAS E. FRANKOVICH
                                      *A PROFESSIONAL LAW CORPORATION*
4

5
                                      By:   /s/
6                                           THOMAS E. FRANKOVICH
                                      Attorneys for Plaintiffs MARSHALL LOSKOT and
7                                     DISABILITY RIGHTS, ENFORCEMENT, EDUCATION
                                      SERVICES:HELPING YOU HELP
8                                     OTHERS, a California public benefit corporation

9

10                          **DEMAND FOR JURY TRIAL**

11       Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

12  Dated: September 15, 2002          THOMAS E. FRANKOVICH
                                       *A PROFESSIONAL LAW CORPORATION*
13

14
                                      By:   /s/
15                                          THOMAS E. FRANKOVICH
                                      Attorneys for Plaintiffs MARSHALL LOSKOT and
16                                    DISABILITY RIGHTS, ENFORCEMENT, EDUCATION
                                      SERVICES:HELPING YOU HELP
17                                    OTHERS, a California public benefit corporation

18

19

20

21

22

23

24

25

26

27

28